# JOHN L. FINLEY *et al.*

## *v.*

# WILLIAM H. McCONNELL.

1. DEED OF TRUST—*sale under.* Where a person, being indebted, conveyed his property, real and personal, to a trustee, to be sold for the payment of his debts, and a portion of the real estate was conveyed to his principal creditors in satisfaction of their claims: *Held,* that those debts formed a sufficient consideration to support the conveyance, although the proceeds were not applied on all of the debts.

2. SAME—*rights of creditors.* A deed of trust so executed, although in fraud of creditors, is, nevertheless, binding on the grantor and his heirs and assigns. The statute only makes such deeds void as to creditors and *bona fide* purchasers. Where, in such a case, the grantor is estopped by such a deed, those who subsequently become his grantees are in like manner estopped.

3. SAME. If a trustee, in such a case, conveys the land in violation of the trust, other creditors have the right to have the fund properly applied. If a purchaser of such a trustee has not acquired title in good faith, a court of equity, on a proper application, would appropriate the fund to the purposes of the trust. But even if the purchase from the trustee was not *bona fide*, that does not give the grantee of the debtor the right to wrest it from the purposes of the original trust.

4. CONVEYANCE—*homestead—claim of.* Where a party conveyed the house and lot on which he resided with his family, and the right of homestead was not released, and the wife did not join in the deed, the conveyance passed the fee, but subject to the right of the grantor to retain it and occupy it as a homestead, but when he abandons it, the homestead right ceases. That right is not an estate, but simply a privilege conferred by the statute, which ceases when the grantor and his family cease to occupy the property. As soon as he ceases to so occupy it, the right to hold it, adversely to the fee, is gone, and the grantee may enter and hold possession.

APPEAL from the Circuit Court of Henry county; the Hon. GEO. W. PLEASANTS, Judge, presiding.

Messrs. BENNETT & VEEDER, for the appellants.

Mr. H. BIGELOW, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of ejectment, brought in the Henry circuit court by appellee against appellants, to recover a house and lot in the town of Galva. A trial was had by the court without the intervention of a jury, by consent of the parties, who found the issues for the plaintiff and rendered judgment in his favor, and the record is brought to this court by defendants, on appeal.

On the trial, it was agreed that one John Youngberg, being indebted to a large amount, on the 14th day of July, 1857, executed a deed of assignment, by which he transferred and conveyed his personal property, chattels, *choses in action,* and real estate, including the premises in controversy, to one C. C. Bemis, in trust for the benefit of his creditors. But, in conveying the property to Bemis, there was no release of the homestead right in these premises. It is also agreed that Youngberg occupied the same with his family at the time, and continued to do so until in 1863 ; that full power was given by the deed of trust to the assignee, to sell any and all of the property named in the deed and schedule attached, for the payment of the debts. On the 25th day of October, 1858, Bemis conveyed the premises in dispute to appellee, in trust for Isaac C. Kendall, assignee of Ely, Bowen & McConnell, and for Bowen, McNamee & Co., for the expressed consideration of $1,000. On the 8th day of January, 1863, Youngberg and wife conveyed the premises by warranty deed to Clark M. Carr, and on the same day surrendered possession of the premises to him. On the 17th day of January, 1865, Carr conveyed the premises to Olof Johnson, and he, on the 9th day of September of the same year, conveyed the premises to Daniel E. Morris, who afterwards sold and conveyed to appellants.

It is further agreed that, from the date of the assignment until the time when Youngberg conveyed to Carr, the premises were worth no more than $1,000, although valued in the

schedule at $5,000; that the only real consideration in the deed from Bemis to appellee, was the indebtedness due from Youngberg to Ely, Bowen & McConnell, and Bowen, McNamee & Co., they being Youngberg's principal creditors. It is also admitted that Bemis paid one dividend of seventeen per cent on Youngberg's debts, and absconded with the balance of the trust fund and defrauded Youngberg and his creditors. It was agreed that either party should be at liberty to object to the several deeds, and other evidence that might be offered.

When appellee offered the deed from Youngberg to Bemis, appellant excepted, upon the grounds that it was void because it contained a clause that the assignee might sell the trust property on a credit; that it authorized him to compromise debts, and could not be made the foundation of any sale but for the payment of the debts of Youngberg. They also excepted to the reading of the deed from Bemis to appellee, because it is shown by the deed and agreement that it was executed without consideration, and on trusts in conflict with and to defeat the original trust; that the trust upon which he held only authorized a sale for the benefit of all of the creditors, and that the deed to appellee was executed without power, and is void.

In support of these objections, many authorities are cited. They all, however, relate to cases where creditors assailed the assignment upon the grounds that the deeds were in fraud of their rights; that the deed of trust was made to hinder and delay them in collecting their debts, and was therefore void as to them. But it is believed no case can be found which holds that such a deed is void as to the grantor and his assigns, or that they may avoid it upon such grounds. The third section of the statute of frauds declares, that every gift, grant or conveyance of lands, tenements, hereditaments, goods or chattels, etc., had and made, or contrived of malice, fraud, covin, collusion or guile, to hinder, delay, or defraud creditors of their just and lawful actions, suits, debts, etc., shall be from thenceforth deemed and taken only as against the person

262    FINLEY *et al. v.* McCONNELL.    [Sept. T.,

Opinion of the Court.

or persons intended to be defrauded, etc., to be clearly and utterly void. This statute, in terms, declares that such fraudulent deed, etc., shall only be void as to the persons attempted to be defrauded. And if only as to them, it must be valid and binding on all others, and if binding on all others, it follows that it must be valid as to the grantor, his heirs and assigns. No other reasonable construction can be given to the statute. In fact, it will bear no other.

Appellants do not pretend to claim as creditors, or as any other class of persons entitled to invoke the aid of the statute. They only claim as assignees of Youngberg, and if his deed bound and estopped him from claiming the right to avoid it, they could acquire no greater or better right than he had. All of the deeds were duly recorded, and the grantees purchased with a full knowledge, either actual or constructive, of appellee's rights. There can not be the least question that Youngberg transferred the legal title in fee to Bemis, and he so held it. The deed of trust lacks no essential requisite to pass all of the grantor's title. It has the requisite parties, a sufficient consideration, and all other forms and requirements to pass the legal title to Bemis. Whether it would be sufficient in a court of equity, on a bill filed by creditors, is a question not now before us, and into which it is unnecessary to inquire; nor do we express any opinion on that question.

Then, Bemis having the legal title, he had the power to convey it to a purchaser so as to vest him with the fee; and an examination of his deed, to appellee, shows that it possesses all of the requisites of a valid instrument. If it is fraudulent, or otherwise in violation of the trust, that can only be availed of by the creditors in a court of equity. The deed states that the consideration paid was $1,000, and the agreement states the only consideration was Youngberg's indebtedness to appellee, and the persons named in the deed as *cestuis que trust,* of whom appellee seems to have been one. The conveyance on such a consideration is sufficient to pass the title at law to the grantee. If there has been a perversion of the

trust fund, and appellee is not a *bona fide* purchaser, a court of equity, on an application by the creditors, would seize the fund, unless superior equities have intervened, and apply it according to the declaration of the original trust. But even if it appeared that this property had been perverted, that gives to appellants no right to wrest it from the creditors to whom it was conveyed in part payment of debts, to pay which, together with others, the original trust was created. But the equities of the parties can not be settled in a court of law, and it will be the proper time to settle them if the aid of chancery shall be invoked.

But it is also urged that, inasmuch as Youngberg occupied the premises, and was entitled to hold them as a homestead when he conveyed to Bemis, and as his wife did not join in that deed, and as there was no release of the homestead right, appellants, by purchasing the premises of Youngberg and wife with such a release, and being let into possession, have thereby acquired such a title as will bar appellee's right of recovery.

The cases of *McDonald* v. *Crandall*, 43 Ill. 231, and *Hewitt* v. *Thompson*, 48 Ill. 367, are decisive of this question. It was there held, that the homestead exemption was not an estate, but is simply an exemption ; and that, when the husband and wife convey the premises without releasing the homestead, such a conveyance operates to pass the fee, but its operation is only suspended until the grantor abandons the premises or surrenders the possession to the grantee. It is true, that this case is not precisely similar to either of those, nor have we ever known two cases precisely alike in all of their facts ; but the principle upon which they are based is the same. Here, Youngberg made a deed which transferred the fee, but it was suspended so far, only, that his grantee or his assigns could not dispossess him so long as he occupied it as a home for himself and family. He had the right to set it up against them, not as an estate in the land, but as a privilege conferred upon him by the statute. But Youngberg abandoned the premises as his homestead, and then the assignee of his first

grantee, holding the fee, had the right to enter.    The privilege of holding adversely to the fee, was gone.  Then the right of possession which had been suspended became united to his fee, and his right to recover and hold the premises had become complete, just as it did in the cases before referred to, and for the same reason.  Appellee, we have seen, held the legal title, and holding it, his right to recover in ejectment was complete, and the judgment of the court below was correct.

Finding no error in the record, the judgment of the circuit court is affirmed.

*Judgment affirmed.*