## JOHN A. WEIDE *vs.* NORTON T. PORTER.

### March 20, 1876.

**Contract Made by Agent—Pleading.**—In pleading a contract made by a duly authorized agent for and on behalf of his principal, it is sufficient to aver it as the contract of the principal, without disclosing the fact of the agency.

**Same—Evidence.**—On an issue as to the execution of a contract by A, proof that it was executed by A, by his duly authorized agent B, is competent evidence.

**Evidence—Assignee for Benefit of Creditors.**—On an issue as to the ownership of certain personal property by A, it is competent to prove a written assignment of such property from the former owner to him, in trust for the benefit of creditors.

The complaint alleges the sale of a pair of horses by defendant to Albert Scheffer, with warranty that they were good roadsters, good and true workers in harness, and not balky; a breach of the warranty, and damages resulting therefrom to Scheffer, and an assignment of the cause of action from Scheffer to the plaintiff. The answer puts in issue the sale, the warranty, and the assignment. At the trial in the court of common pleas of Ramsey county, before *Brill*, J., the plaintiff testified that he purchased the horses in question from the defendant, and traded organs and melodeons for them. His counsel then offered to prove that, in trading for the horses, the plaintiff was acting for Albert Scheffer, who was the assignee of Weide & Ross for the benefit of their creditors, and that the horses were paid for out of the property held by Scheffer as such assignee, to be followed by proof of the warranty and breach, and

assignment of the demand to plaintiff. The evidence offered was objected to as immaterial and not pleaded, the objection was sustained, and plaintiff excepted. The plaintiff then offered in evidence the written assignment from Weide & Ross to Scheffer, to be followed by the proof already offered, which was objected to by defendant " as immaterial, irrelevant, and not pleaded," and was rejected, plaintiff excepting. The witness then testified : " I was acting for Albert Scheffer, assignee of Weide & Ross, in making the trade with defendant for the horses." His counsel then asked him what was said by defendant in regard to the character of the horses at the time of the trade, to which the defendant objected " as immaterial, irrelevant, and not pleaded, and because of the last answer of the witness that in making the trade he was acting for Albert Scheffer, assignee of Weide & Ross." The objection was sustained, as was also an objection to any further testimony on the part of plaintiff relating to the trade, if Scheffer, in making the trade, was acting as assignee of Weide & Ross, the plaintiff duly excepting. The plaintiff then rested his case. The court directed a verdict for defendant, on which judgment was entered, and plaintiff appealed.

*Gilman, Clough & Lane*, for appellant.

*Davis, O'Brien & Wilson*, for respondent.

CORNELL, J. This case comes before us upon exceptions to the ruling of the court upon the admissibility of certain testimony offered under the issues made by the pleadings. The real question presented is whether, upon an issue raised by a denial of the execution of a contract of sale and warranty, alleged to have been made between defendant and one Scheffer, it was competent to prove that such contract was made by the duly authorized agent of Scheffer ; in other words, when the contract of the principal, which constitutes the foundation of the cause of action, is made through the intervention of an agent, is it necessary, in pleading it, to aver that fact and the authority of the agent?

Issuable facts alone are required to be stated in a pleading, and those according to their logical and legal effect. In this case the fact traversed by the answer, the proof of which would support the action, was the execution of the particular contract. If it was entered into by the party, its effect was the same, whether done by the principal personally or by his authorized agent. In either case it was the contract of the principal. The complaint was sufficient to allow the evidence offered, tending to show that the alleged contract was, in fact, the contract of Scheffer, and the exclusion of such evidence was error, for which a new trial must be granted.

The exclusion of the written assignment from Weide & Ross was also error. This was competent evidence, both for the purpose of corroborating the testimony of Weide, that he was acting as the agent of Scheffer, assignee of Weide & Ross, in making the trade, and also to show that the title to the property given in exchange for the horses was in Scheffer. That it also showed the existence of a trust for the benefit of creditors rendered it none the less competent, because, as against all but the beneficiaries of the trust, such title was absolute, and none but the *cestuis que trust* could raise any question growing out of an alleged violation of the obligations imposed by the trust.

Judgment reversed and new trial ordered.