In the Matter of the Assignment of HENRY P. BIRD and another, Copartners, Insolvents.

December 18, 1888.

**Insolvency—Assignment not Requiring Releases by Creditors—Construction.**—When an insolvent debtor assigns all his property for the benefit of all his creditors, (and not for the benefit merely of those filing releases,) the surplus, if any, to be repaid to him only after payment in full of all his debts, creditors cannot be required to file releases to the debtor as a condition of sharing in the benefits of the assignment. Whether it be considered a common-law assignment, as regulated by Gen. St. 1878, c. 41, or one under the insolvent law of 1881, it must be executed, if at all, in accordance with the terms of the trust, as declared in the instrument.

Henry P. Bird and Robert W. Bird, engaged in business as partners, made an assignment for the benefit of their creditors containing the provisions recited in the opinion. The assignee, D. J. Shaw, having qualified and engaged in the execution of the trust, made application to the district court for Waseca county for an order requiring all creditors who desire to participate in the distribution of the estate to file releases of their claims. The creditors opposing this application, an order was made by *Buckham,* J., denying the application, and directing the assignee to make distribution among the creditors without requiring releases. From this order the insolvents appeal.

*J. A. Sawyer,* for appellants.

*B. S. Lewis, Lewis Brownell, Rogers, Hadley & Selmes,* and *Baxter, Townley & Gale,* for certain creditors, respondents.

MITCHELL, J. This appeal is from an order of the district court

directing that the funds in the hands of the assignee be distributed among all the creditors of the assignors whose claims have been proved and allowed, without requiring them to file releases to the debtors, and denying the motion of the assignee that distribution be made only to creditors who shall file such releases. The assignment was of all the assignors' non-exempt property, in trust for the following uses and purposes: (1) To convert it into money, and with and out of the proceeds, (2) to pay the expenses of administering the trust; (3) to pay and discharge in full, if the residue of the proceeds be sufficient for that purpose, *all the debts and liabilities of the assignors*, and, if such residue be not sufficient for that purpose, then to apply the same, so far as they will extend, to the payment of said debts and liabilities *pro rata*, and in the order provided for, by and in accordance with the statute in such case made and provided; and if, after the payment and discharge *in full of all the lawful debts of the assignors of every description*, there shall remain in the hands of the assignee any surplus of such proceeds, (4) to repay such surplus to the assignors.

Much of the argument of counsel has been upon the question whether this is an assignment under the insolvent law of 1881, (Laws 1881, c. 148,) or merely a common-law assignment, as regulated by the act of 1876, (Gen. St. 1878, c. 41.) For the purposes of this appeal it seems to us that this question is immaterial. The trust created by this assignment, by its express terms, is not for the benefit of those creditors who shall release the debtors, but for the benefit of all creditors. No releases are required as a condition of sharing its benefits. This is manifest from the third and fourth subdivisions of the declaration of the trust. The assignee is to pay in full, if the proceeds are sufficient, *all the debts and liabilities of the assignors.* If not sufficient to pay in full, such proceeds are to be applied *pro rata* to the payment of *said* debts and liabilities. True, there is added, "in the order provided for, by and in accordance with the statute in such case made and provided;" but we think this refers only to the *order* of payment, and, in any event, it would as appropriately refer to the act of 1876 as to that of 1881. Again, only the surplus is to be repaid to the assignors which may remain after pay-

ment in full of *all lawful debts of every description* owing by them, whereas, if the trust was only in favor of releasing creditors, all surplus remaining after paying such creditors would be returned, to the entire exclusion of non-releasing creditors.   To require of creditors releases to the assignors as a condition of sharing in the benefits of the assignment, or to confine such benefits to those who file such releases, would not only be unauthorized by the terms of the trust, but in direct conflict with them.   The existence of a bankrupt act does not suspend the right to make a voluntary assignment for the benefit of creditors.   That right is a common-law one, and exists independent of statute.   True, if an insolvent debtor should make an assignment in conflict with the policy of a bankrupt act, it might be avoided by proceedings in involuntary bankruptcy, instituted by creditors, but only in that way.   Except as against such proceedings, it would be as valid as if no such act existed.

If it be necessary, in order to constitute an assignment under the insolvent law of 1881, that it shall be for the benefit of only those creditors "who shall file releases of their debts and claims against the debtors," then this is not one.   If it be held an assignment under that act, it must be on the ground that the debtor may waive releases, (which are solely for his own benefit,) and make the assignment for the benefit of all his creditors unconditionally.   But, if so, inasmuch as our insolvent law takes the assignment of the debtor himself as the basis of the procedure in administering his estate, it is very clear that this must be done, if at all, in accordance with the terms of the trust therein declared.   Whether, if all the facts exist which authorize the making of an assignment under section 1 of the act of 1881, (which does not appear in this case except from certain recitals in the instrument,) and if the assignment otherwise conforms to the statute, it would operate, in other respects, as an assignment under the statute, although for the benefit of all creditors unconditionally, and not merely those who may release, it is not necessary to decide.   See *Sanborn* v. *Norton*, 59 Tex. 308; *Schoolher* v. *Hutchins*, 66 Tex. 324, (1 S. W. Rep. 266.)   But, in any view of the case, distribution must follow the declared terms of the trust.   Creditors have a right to be informed by the assignment itself what its conditions are, and on what terms they

are entitled to share in its benefits, and not have their rights left in a state of uncertainty, and dependent upon the existence or non-existence of certain extraneous facts.

Order affirmed.

GILFILLAN, C. J.   I dissent.