In the Matter of the Assignment of JED F. FULLER and another.

November 6, 1889.

**Assignment for Creditors—Execution of Trust.**—An assignment made by insolvent debtors for the benefit of all of their creditors must be executed, if at all, in accordance with the terms of the trust as declared in the deed of assignment.

**Same—Requirement of Releases.**—Creditors of such debtors cannot be compelled to file releases of their claims as a condition of participating in the benefits of the assignment. Following *In re Bird*, 39 Minn. 520.

On January 16, 1888, Jed. F. Fuller and W. H. Kirk, copartners as Fuller & Kirk, of Clearwater, Wright county, made an assignment to John Schaffer, of their partnership and individual property for the benefit of their creditors. The assignment recited a levy on the property of the assignors, on January 16, 1888, by virtue of a writ of attachment issued in an action pending against them in the district court for Stearns county. It required the assignee to apply the property to pay in full or *pro rata*, according to its sufficiency, all the debts of the assignors "in accordance with the statute in such case made and provided," and did not in any way require releases to be filed by creditors. On May 18, 1888, Anthony Kelly & Co., creditors of the assignors, filed their petition in the district court for Wright county, showing that the levy recited in the assignment was made by one Walters, to whom the writ had been delivered by the plaintiff's attorney, and who represented himself to be a deputy sheriff, but who was not such in fact, and whose acts were entirely disregarded and repudiated by the sheriff, who proceeded to make a new levy under the writ after the making of the assignment; and that the pretended levy by Walters and the levy by the sheriff are the only seizures of the assignors' property that have been made. The prayer of the petition is that the petitioners may share in the distribution of the assets without filing releases, and that the assignment be held not made under the insolvent law of 1881. The truth of the petition was conceded, and it appeared that the assignors believed Walters to be a deputy sheriff. After a hearing before *Hicks*, J., the petition was

denied, and an order was made requiring creditors to file releases, or be barred from claiming any benefit under the assignment. From this order the petitioners appeal.

*Reynolds & Stewart*, for appellants.

*D. W. Bruckart*, for respondent.

*By the Court.* This appeal is from an order of the district court requiring and directing creditors to file their claims against certain insolvent debtors, with releases thereof, as provided by Laws 1881, c. 148, § 10, within a prescribed period of time, or be forever barred from claiming any benefit under an assignment made by said debtors of all of their property not exempt from seizure and sale upon execution in trust for the benefit of all of their creditors. The deed of assignment does not differ in form from that considered in *Re Bird*, 39 Minn. 520, (40 N. W. Rep. 827.) The facts may have warranted an assignment by the terms of which releases could have been exacted as a condition for participating in the trust funds, but such an assignment was not made. For the reasons stated in the case just referred to, the order must be modified. It is quite evident, however, from the record, that the point upon which our decision is based was not presented by the appellants upon the argument below. The order appealed from is vacated in so far as it requires creditors to file releases with their claims.