BREYFOGLE ET AL. *v.* STOTSENBURG, TRUSTEE.

[No. 18,201.　Filed October 26, 1897.]

APPEAL AND ERROR.—*Assignment of Error.—Separate Assignments by Different Appellants Under One Title.*—Separate assignments of error may be made by each appellant to an appeal from a joint judgment under one title. *pp. 553, 554.*

ASSIGNMENT FOR BENEFIT OF CREDITORS.—*Sales.—Failure to Report to Court.*—A purchaser of property from an assignee for creditors

Breyfogle *et al. v.* Stotsenburg, Trustee.

cannot interpose as a defense to an action by such assignee for the collection of notes given in payment for such property the failure of the assignee to report the sale to the court, without alleging an offer to return the property. *pp. 554, 555.*

PLEADING.—*Answer.*—Where an answer purports to be a bar or defense to the entire cause of action stated in the complaint, and in fact answers only a part of it, such answer is bad on demurrer for want of sufficient facts to constitute a defense. *pp. 556, 557.*

From the Clark Circuit Court. *Affirmed.*

*Jewett & Jewett* and *Kelso & Kelso,* for appellants.

*A. Dowling, George H. Voigt* and *Evan B. Stotsenburg,* for appellee.

McCABE, C. J.—The appellee, as the assignee for the benefit of creditors of the New Albany Banking Company, sued the appellants in the Floyd Circuit Court to collect an indebtedness of $146,076.44, evidenced by six promissory notes executed by said defendants, and by them also as the firm of Winstandley & Co., and to obtain an order for the sale of 812 1-2 shares of the capital stock of the Peerless Manufacturing Company, of Louisville, Kentucky, and 490 shares of the capital stock of the Little Falls Water Power Company, of Little Falls, in the state of Minnesota, represented by variously numbered certificates of stock specified in the complaint.

The issues formed were tried by the Clark Circuit Court, to which court the cause went on change of venue, resulting in a general finding for the plaintiff, upon which the court rendered judgment. The assignment of errors not waived by failure to discuss the same, call in question the rulings of the trial court in sustaining certain demurrers to certain separate answers by certain of the defendants. The appellee objects to the sufficiency of the assignments of error, because each appellant has assigned error of which he

complains and affecting him alone, under one and the same single title of the cause or appeal. It is contended that this objection can only be obviated by making as many titles to the appeal as there are separate assignments of error. In support of this proposition we are cited to rule six of this court and *Snyder* v. *State, ex rel.,* 124 Ind. 335. Neither the rule nor the case cited afford any support to 'the proposition urged. The proposition is illogical, under the settled rule that there can be but one appeal from a joint judgment, whether the parties thereto are many or few. One appeal ought not to have different titles as a cause in this court, nor need the same title be repeated every . time one of the appellants assigns error separately on such appeal. See *Gregory* v. *Smith,* 139 Ind. 48.

The first alleged error complained of is the ruling sustaining the plaintiff's demurrer to the third paragraph of the separate answer of the defendant Breyfogle. It is very difficult to determine just what the paragraph means, on account of the confused and uncertain method of statement of the facts therein relied on as a defense. So far as we are able to decipher it, the substance thereof is, that the notes sued on were given in consideration of the sale and transfer to the said defendant of certain assets and choses in action, belonging to said bank, by order of the Floyd Circuit Court to the plaintiff, as the assignee, so to sell and transfer the same. That pursuant to said order said assets and choses in action had been sold and delivered to said defendant Breyfogle by said assignee; and that said order provided that said assignee should make a report to said court of such sale and transfer for approval at the succeeding term of the Floyd Circuit Court; that no such report has ever been made by said assignee. The theory of this plead-

ing doubtless, as appears from its own statements, as well as from appellant's brief, is intended as a plea of failure of consideration for the notes in suit. It is contended by said appellant that the failure to report the sale, and the failure of the court to confirm it, operates to prevent the title to the property sold and delivered from passing to him. It may be conceded that the title is not perfect without a report of the sale is made, and the same confirmed by the court. But, still, that does not make the sale and delivery of the property absolutely void. Unless the sale and delivery are absolutely void for want of a report and confirmation thereof, there is not a failure of consideration of the notes in suit. The said appellant does not claim that the sale and delivery of the bank assets and choses in action to him was void by reason of the failure of the assignee to report the sale, as he manifestly could not reasonably so contend, because the report of such sale and delivery might thereafter be lawfully made, approved and confirmed by the Floyd Circuit Court. And it may yet be lawfully made, approved and confirmed by said court. At most, the failure to report the sale and delivery of the property could only render the same voidable, a proposition we need not and do not decide. Assuming, without deciding, that the failure to report the sale and delivery of the property mentioned had the effect to render the sale voidable at the election of the vendee, it is very clear, we think, that he could not invoke the power of a court of equity to avoid the sale without making some kind of an offer to return that which he admits he has received, and still retains under the contract of sale. The answer in question makes no allegation of any such offer. For that reason, if not for others, it did not state facts sufficient to constitute a defense to the complaint, and hence the circuit court did not err in sus-

Breyfogle *et al. v.* Stotsenburg, Trustee.

taining the demurrer thereto for want of sufficient facts.

Appellant's learned counsel say that, "There are but two other questions in this case, which we desire to present and press upon your consideration, and they arise from the fifth and sixth paragraphs of  *  Breyfogle's answer." These paragraphs of Breyfogle's separate answer contain a statement of a great multiplicity of facts thrown together in a confused heap, as if the pleader was doing his level best to prevent the court from understanding the general purport of the same. But we are relieved from much labor in deciding many questions which might arise on some of the facts thus stated, by reason of said paragraphs purporting to answer the whole complaint, and at most, if all that is claimed for them by appellant were true, they would be insufficient. The full extent to which they respectively go is to state a great variety of facts, designed to show that the assignment and transfer of the stocks mentioned in the complaint to the New Albany Banking Company as collateral security, were without authority of law, and void. There is not a word said in either, why there should not be a recovery upon the notes mentioned in the complaint. The complaint, it will have been observed, sought to recover a judgment upon the notes therein mentioned, as well as to obtain an order for the sale of the stocks mentioned therein, held by the trustee as collateral security for the payment of said notes. The answers purport to be a full defense, and if all that is claimed for them is true in fact and in law, they would each only amount to a partial defense, namely, a defense against the demand in the complaint for an order to sell the stocks to pay the judgment recovered on the notes. When an answer purports to be a bar or defense to the entire cause of action stated in the complaint, and

in fact only answers a part of it, such answer is bad on demurrer for want of sufficient facts to constitute a defense.  Orb v. Coapstick, 136 Ind. 313; Falmouth, etc., Turnpike Co. v. Shawhan, 107 Ind. 47; Farman v. Chamberlain, 74 Ind. 82; Johnson School Tp. v. Citizens Bank, 81 Ind. 515; Moffit v. Roche, 76 Ind. 75.

It follows, that the circuit court did not err in sustaining the demurrer to each of said paragraphs.  The judgment is affirmed.