JAMES MULLEN and Others v. LEWIS ELLINGTON.[1]

December 3, 1897.

Nos. 10,725—(131).

Assignment for Benefit of Creditors—Distribution of Assets—Release
    of Claims—In re Fuller, 42 Minn. 22, Followed.

> *Held*, following In re Bird, 39 Minn. 520, and In re Fuller, 42 Minn. 22,
> that the deed of assignment in this case created a trust for the benefit of
> all of the assignor's creditors, whether they released their claims or not,
> and that the trial court erred in making it a condition to the right of
> creditors to share in the assigned estate that they release their claims.

Mads A. Mossefin and Charles N. Lindell, partners, made an as-
signment of their non-exempt property to Lewis Ellington for the
benefit of their creditors, and the deed of assignment was filed in
the district court for Polk county.  When the assignee petitioned
the court for an order requiring the creditors of the assignors to
show cause why they should not be required to file releases of their
claims as a condition to their right to participate in the proceeds
of the estate, James Mullen and other creditors objected for the rea-
son that the assignment was not made in accordance with the insol-
vency law of 1881.  From an order, Ives, J., requiring creditors of
the insolvents to file releases as a condition precedent to their right
to share in the distribution of the proceeds of the estate, James Mul-
len and other creditors appealed.   Reversed.

*A. A. Miller*, for appellants.

. *H. Steenerson*, for respondent.

START, C. J.

The assignors herein made an assignment of all of their unexempt
property to the respondent for the benefit of all of their creditors.
Thereafter the district court, on the petition of the assignee, made
an order requiring creditors to show cause why they should not be
required to file releases of their claims as a condition of sharing in
the proceeds of the assigned estate.  The appellants, as such cred-
itors, appeared on the hearing of the order, and objected to the mak-

[1] Reported in 73 N. W. 146.

ing of the order prayed for on the ground that the assignment did not require creditors to file releases of their claims as a condition of participating in the distribution of the assets of the assignors. The court overruled their objections and made an order requiring all creditors to file such releases as a condition of sharing in any dividends declared by the assignee, from which order they appealed.

The trust created by the deed of assignment in question differs in no material respect from the trusts created respectively by the deeds passed upon in the cases of In re Bird, 39 Minn. 520, 40 N. W. 827, and In re Fuller,, 42 Minn. 22, 43 N. W. 486, especially the latter. The cases cited are conclusive of this appeal in favor of the appellants, unless, as claimed by respondent, Laws 1889, c. 30 (the amendment to the insolvency law) renders them inapplicable. By this amendment the simple fact of insolvency authorizes a debtor to make an assignment under the insolvency act of 1881, and requires his creditors to release their claims as a condition of sharing in his estate. But there is no limitation in the amendment of the right of an insolvent debtor to make a common-law assignment, as regulated by the act of 1876, for the benefit of his creditors, whether they release him or not, if he chooses so to do. And the simple fact that the deed recites upon its face that the debtor is insolvent affords no test for determining whether or not the trust created by the deed is for such creditors only who release their claims.

This must be determined from the language of the trust. In the case of In re Fuller the assignment recited that the assignor's property had been levied on by an attachment,—a fact which entitled him to assign only for the benefit of creditors who should file releases, —and it was held that the trust was for the benefit of all creditors, whether they filed releases or not. Neither does the fact, that by the amendment the court may, for a number of reasons, permit creditors to share in the estate without filing releases, change the rule that the character and extent of the trust must be determined from the language used in creating it. Since the amendment the debtor has the same right as before to create the trust for the benefit only of creditors filing releases, and so express it in the deed, or for all of his creditors whether they release him or not. He may make the election and, having elected in this case to create a trust for the

benefit of all of his creditors without any conditions or limitations, the trust must be executed according to its terms. It was error for the trial court to restrict the benefits of the trust to such creditors who filed releases.

Order reversed.

BUCK, J. (dissenting).

I dissent. I think that it is apparent from the face of the assignment itself that it was intended to be, and was in fact, made under the insolvency law of 1881. The rule laid down in the foregoing opinion is objectionable in this: that it permits an assignor to use his own discretion as to how far he may go in making the assignment effectual, and thus place his own arbitrary restrictions and limitations upon the various provisions of the law. Under such a right he can make an assignment by piecemeal, and not as an entirety, so far as concerns the law,—a practice which may lead to great uncertainty and confusion and is liable to fritter away the real and beneficial purpose of the insolvency law.