JOHN A. LUCY v. R. R. FREEMAN.[1]

November 4, 1904.

Nos. 14,108—(166).

**Trust Deed for Benefit of Creditors.**

A trust deed from an insolvent debtor to plaintiff of all his property, coupled with an agreement on plaintiff's part to convert the same into money and pay and discharge the insolvent's debts, construed, and *held* to constitute in effect a common-law assignment for the benefit of creditors, and valid between the parties thereto and subsequent purchasers of the property with notice of the deed.

**Common-Law Assignment.**

The right of a debtor to make a common-law assignment for the benefit of his creditors exists independent of statute.

**Statutory Assignment.**

A failure to comply with the provisions of G. S. 1894, § 4227, relating to assignments for the benefit of creditors, does not render such an assignment absolutely void, but only voidable at the instance of creditors and subsequent purchasers in good faith.

Appeal by plaintiff from an order of the district court for Redwood county, Webber, J., denying a motion for a new trial. Reversed.

*Charles R. Fowler, Fred. B. Dodge,* and *Korns & Johnson,* for appellant.

*Somerville & Olsen, Clague & Enerson,* and *Wm. G. Owens,* for respondent.

BROWN, J.

Action in claim and delivery, which was dismissed on trial after plaintiff had rested, and the latter appealed from an order denying his motion for a new trial.

The facts are as follows: One Dittbenner was a merchant owning a stock of general merchandise and doing business at Revere, this state. He was considerably in debt, and unable to meet his obligations, and executed and delivered to plaintiff in this action a trust deed of all his stock of merchandise, all his accounts, bills receivable, and

[1] Reported in 101 N. W. 167.

certain real property owned by him, in consideration that plaintiff should take possession of the same, sell and dispose of it at public or private sale with all reasonable diligence, collect the claims and demands due on the bills receivable, and pay and discharge in full, after payment of all expenses, if the residue of the funds was sufficient, all debts and liabilities due from Dittbenner to such creditors as should thereafter become parties to the transaction, and who should, in consideration of the premises and execution of the trust deed, participate therein and agree, upon payment being made, whether in whole or in part, of the amount due them, fully to release and discharge Dittbenner from further obligation to them. The deed further provided that if the proceeds of the property and collection of bills receivable were insufficient to pay Dittbenner's debts in full, after paying the expenses of plaintiff as trustee, the amount remaining in his hands should be paid pro rata to the creditors who should become parties to the agreement.

The deed was executed by Dittbenner and his wife in the manner prescribed for the execution of deeds of real property, but was not recorded in the office of the register of deeds until after the controversy in this action arose, nor was there any attempt to comply with the provisions of section 4227, G. S. 1894, relating to assignments for the benefit of creditors. It was delivered to plaintiff and retained by him until after defendant obtained his alleged title to part of the goods covered by the deed to be presently referred to. There was no change of possession of the property from Dittbenner to plaintiff; by an arrangement between those parties Dittbenner continued in possession thereof, and the management of his store, precisely as though no transfer of his property had been made. Subsequently Dittbenner entered into a contract with defendant by which he sold and delivered to him, for a valuable consideration, part of the goods and property covered by the trust deed to plaintiff, under which defendant now claims the superior title. That contract expressly provided that the sale of the property to defendant was

> Subject to conditions of a certain trust deed of incumbrance thereof made to J. A. Lucy, dated on the ———— day of December, 1903, not to exceed $2,600.

Plaintiff offered in evidence on the trial the trust deed made the basis of his claim of ownership and right of recovery, with other evidence, and rested his case. Whereupon, upon defendant's motion, the court dismissed the action, holding that the trust deed under which plaintiff claimed was wholly null and void, conferring upon plaintiff no right whatever. Whether this ruling was error is the only question presented on this appeal.

1. It is elementary that parties may make and enter into such contracts, bargains, and agreements as they may deem best for their interests, and neither the legislature nor the courts have the power or right to restrict them in the exercise of that privilege, so long as their contracts are not immoral or tainted with positive illegality. In the case at bar Dittbenner was insolvent and unable to pay his debts, and to satisfy his creditors, or those who should participate in the transaction, he conveyed the property in question to plaintiff, as trustee, under the agreement of plaintiff to convert the same into money and pay and discharge Dittbenner's debts. The transaction amounted in effect to an assignment for the benefit of creditors, not an assignment under our insolvency statutes, or made in conformity with the statutory regulations of common-law assignments, but a common-law assignment pure and simple. The contention of defendant is that all such assignments, where the statutes regulating them are not complied with, are absolutely void, not only as to creditors and subsequent purchasers in good faith, but as between the parties themselves.

Section 4227, G. S. 1894, provides that every conveyance or assignment made by a debtor of the whole or any part of his estate in trust to an assignee for the benefit of creditors shall be void unless the assignee resides in and is a freeholder of this state, unless the assignment be in writing subscribed by the debtor, unless acknowledged by an official authorized to take acknowledgments of deeds, and unless the same be filed in the office of the clerk of the district court of the county wherein the debtor resides. It is contended by defendant that this statute means what it says, and that, as it declares all conveyances and assignments of the nature of that involved in this case void unless the requirements of the statute be complied with, the assignment or conveyance to plaintiff is a nullity, even as between the parties, it being

conceded that the statutory requirements were not complied with. We do not concur in this contention. The purpose of the statute was not to restrict the rights of parties to contract on such terms and conditions as they might deem for their best interests, but to protect the rights of third persons interested as creditors or subsequent bona fide purchasers. The decisions are uniform in holding that, so far as the rights of creditors are concerned, assignments of this character, where the statutes are not complied with, are void; but we have been cited to no case where it has been held that such conveyances or assignments are void as between the parties to the transaction.

The case is analogous to one where property is transferred by an insolvent debtor for the purpose of hindering, delaying, or defrauding creditors. In such cases the courts hold the transaction to be void as to creditors, but valid and binding between the parties. As said in Brasie v. Minneapolis Brewing Co., 87 Minn. 456, 92 N. W. 340: "Transfers of property made for the purpose of hindering and defrauding creditors are not absolutely void. They are only voidable at the election of the creditors defrauded. While the statutes pronounce such transfers void, the word 'void,' as there used, is construed by all the courts to mean 'voidable.'" Section 4227, supra, simply declares conveyances and assignments for the benefit of creditors, where the statutes are not complied with, void, and this must be construed as rendering such conveyances voidable only at the election of creditors, and that as between the parties they are valid and binding obligations, for the right to make a common-law assignment for the benefit of creditors exists independent of statutes. In re Bird, 39 Minn. 520, 40 N. W. 827.

2. Defendant's title to the property is no better and his rights are in no sense superior to the rights of his grantor, Dittbenner. Under no principle of the law could Dittbenner repudiate the trust deed executed to plaintiff, and defendant, having acquired his title with notice thereof, stands in no better position than Dittbenner himself. The suggestion of counsel for appellant that defendant acquired title to the books of account and bills receivable free from any charge created by the trust deed is not well taken. The contract under which he obtained title contained the recital above referred to, expressly calling his at-

tention to the trust deed, and he stands in the position, as to plaintiff, of a subsequent purchaser of the property with notice.

Order reversed, and new trial granted.