## DEAN COLEMAN MITCHELL v. JAMES H. GREEN and Others.[1]

February 13, 1914.

Nos. 18,523—(301).

**Assignment for benefit of creditors — discharge of assignee.**
1. Where the assignee, under an assignment for the benefit of creditors,

[1] Reported in 145 N. W. 404.

made a sale of real estate in which all parties in interest acquiesced, the discharge of the assignee by the court, on the ground that he had fully performed his trust, will be deemed an approval of such sale, as against an objection raised more than 10 years later by a stranger to both the assignment proceedings and the title.

**Same — conveyance voidable not void.**

2. An assignment for the benefit of creditors is the exercise of a common-law right, and the assignee derives his title and power of sale from the deed of assignment and not from the statute. The statute merely regulates the manner of creating and executing the trust. If the assignee made the conveyance in question, without the court having approved the sale, such conveyance was not void but only voidable, and, all parties in interest having acquiesced therein, the title vested in the grantee.

**Adverse possession.**

3. To constitute adverse possession of real estate, the possession must have been maintained under the claim of ownership. If the one in possession recognized and conceded that, in fact, the title was in another and not in himself, such possession was not adverse. *Held* that the evidence sustains the finding that defendant's possession was not adverse to the true owner.

Action in the district court for Hennepin county to determine adverse claims to vacant and unoccupied property. The answer of defendant Green alleged that defendant was the owner and in possession of the property described and that plaintiff had no title or interest therein. The case was tried before Waite, J., who made findings and ordered judgment in favor of plaintiff. From an order denying his motion for a new trial, defendant Green appealed. Affirmed.

*J. M. Pulliam,* for appellant.
*Jesse Van Valkenburg,* for respondent.

Taylor, C.

This is an action to determine adverse claims to lots 1, 2, 3, and 4 of block 3 in Rees' Addition to Minneapolis. Plaintiff alleged that she is the owner and entitled to the possession of the lots; and that they are vacant and unoccupied, except that defendant Green had wrongfully trespassed upon and used them to some extent. Defendant Green, the only defendant who interposed an answer, denied

plaintiff's title, alleged title in himself, and asked judgment establishing and confirming such title. The court found that plaintiff is the owner in fee of the lots, free and clear from any claim or interest on the part of defendant, and directed judgment accordingly. Defendant made a motion for a new trial which was denied and he appealed.

The former owners of the property were residents of and engaged in business in the state of Iowa. They became financially embarrassed and made a general assignment for the benefit of their creditors to one Matt Gaasch on September 18, 1896. The deed of assignment contained a full power of sale. At the opening of the trial, it was stipulated that the "record title" to the property in controversy vested in Gaasch, under this assignment, free and clear of all encumbrances. On April 14, 1902, Gaasch as assignee executed a proper deed of conveyance to one Mitchell, and Mitchell thereafter executed a warranty deed to plaintiff.

Defendant's claim of title is based solely upon the assertion that he had been in adverse possession of the premises for the full statutory period; but he attacks plaintiff's title, upon the ground that the assignee made the sale to Mitchell, without complying with the requirements of the Iowa statutes. The objections urged are that the land was sold at private sale, without notice, and that the sale was not confirmed by the Iowa court. The provision of the Iowa code upon which defendant relies is as follows: "The assignee may dispose of and sell all the estate assigned, real and personal, * * * and generally do whatever the debtor might have done in the premises; but no sale of real estate belonging to said trust shall be made without notice, published as in case of sales of real estate on execution, unless the court or judge shall otherwise order, and no such sales shall be valid until approved by such court or judge." [1]

1. In January, 1897, the court made an order authorizing the assignee to sell real estate at private sale, without notice, but required such sales to be submitted to the court for approval before becoming final. Whether the sale in question was reported to and approved by the court does not appear, at least directly. In June, 1902, Gaasch made his final report and asked that he be discharged and his bond

[1] [Code 1897, § 3084].

exonerated. In this report, under date of May 18, 1902, he charged himself with a lump sum received from the sale of 66 lots in Minneapolis, but did not describe the lots. On July 8, 1902, the court approved this report and made an order finally discharging the assignee, upon his doing certain things specified therein and filing certain vouchers. He was discharged more than 10 years ago, and his doings as assignee do not appear ever to have been questioned either by creditors of the assignors or by anyone else interested therein or affected thereby. In view of these facts, we think that the approval of his final account and his final discharge, for the reason that he had fully completed his trust, was a sufficient approval of this sale.

2. But, even if the sale were not approved, it is clear that appellant's objection is not well taken for another reason. The making of such an assignment is the exercise of a common-law right, and is in the nature of a contract; it is not the exercise of a right given by statute. The statute merely regulates and governs the manner of making the assignment and of executing the trust thereby created. The title is vested in the assignee by the voluntary act of the assignor, and the power to convey is conferred upon the assignee by the deed of assignment and not by the statute. The statute merely regulates the exercise of the power. Burrill, Assignments, 24; Lesher v. Getman, 28 Minn. 93, 9 N. W. 585; Makellar v. Pillsbury, 48 Minn. 396, 51 N. W. 222; Lucy v. Freeman, 93 Minn. 274, 101 N. W. 167.

Gaasch, the assignee, possessed the legal title with power to convey. He made a sale and executed a proper deed to Mitchell. If he executed such deed without first having the sale approved by the court, that fact did not make the conveyance an absolute nullity, but, at most, merely rendered it voidable. Lucy v. Freeman, 93 Minn. 274, 101 N. W. 167; Weide v. Porter, 22 Minn. 429; Bristol Savings Bank v. Judd, 116 Iowa, 26, 89 N. W. 93; Breyfogle v. Stotsenburg, 148 Ind. 552, 47 N. E. 1057; In re Rider, 23 Hun, 91.

As the deed was not void but only voidable, and neither the assignors nor their creditors asked to have it set aside, the title passed to and vested in Mitchell. And, all the parties in interest having acquiesced in the conveyance, defendant, an entire stranger to the proceeding, cannot be heard to question it.

3. Defendant vested his claim of title solely upon the assertion that he had been in adverse possession of the lots for more than 15 years.

To constitute adverse possession, the possession must have been maintained under the claim of ownership. If the one in possession recognized and conceded that, in fact, the title was in another and not in himself, such possession was not adverse. The court found in effect that defendant's possession was not adverse, and the evidence is ample to sustain this finding. Defendant owned and resided upon an unplatted tract of land adjoining the lots in controversy. Being engaged in the abstract business and also being an attorney, he was familiar with titles. He never had or claimed any conveyance or paper title for these lots. He paid taxes upon his own adjoining property, but never paid any on this. The owner usually paid the taxes before they became delinquent, but on two occasions omitted to do so and the lots were sold therefor. Defendant bid them in, once in his own name and once in the name of his father, for the purpose of acquiring a tax title; but in each instance they were redeemed by the owner. He did not use these lots in the same manner in which he used his own adjoining property, at least until recent years. In 1904 he saw the lots advertised for sale and entered into a contract in the name of his sister to purchase them. In 1907 he brought an action in the name of his sister to enforce specific performance of this contract. This action was dismissed in 1912 by the following instrument signed by him as attorney: *"For value received* the above entitled action is hereby dismissed *with* prejudice." (The italics are ours.) These and other facts which might be mentioned abundantly sustain the conclusion of the trial court that defendant's possession was not adverse, within the rule governing such matters and explained in the following cases: Sage v. Rudnick, 67 Minn. 362, 69 N. W. 1096; Todd v. Weed, 84 Minn. 4, 86 N. W. 756; Olson v. Burk, 94 Minn. 456, 103 N. W. 335; Mattson v. Warner, 115 Minn. 520, 132 N. W. 1127; Peters v. Tackaberry, 117 Minn. 373, 135 N. W. 805.

The order appealed from is affirmed.