# MAX R. CLUSS v. MINNIE HACKETT.[1]

November 27, 1914.

Nos. 18,871—(109).

**Adverse possession — evidence.**

Evidence examined and *held* not to establish title to real property by adverse possession.

Action of ejectment in the district court for Houston county. The answer set up title by adverse possession of one of the village lots described in the complaint and disclaimed title or possession to the other lot. The case was tried before Kingsley, J., who denied plaintiff's and defendant's motions for directed verdicts, and a jury which returned a verdict in favor of defendant. Plaintiff's motion for judgment notwithstanding the verdict was granted. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*John F. Doherty,* for appellant.
*Duxbury & Duxbury,* for respondent.

BROWN, C. J.

Action in ejectment in which defendant set up title to the property by adverse possession. Defendant had a verdict in the court below, but upon motion the court directed the entry of judgment for plaintiff notwithstanding the verdict. Judgment was so entered and defendant appealed.

The only question presented is whether the evidence reasonably tends to support the defendant's claim of title by adverse possession. Our examination of the record leads to the conclusion that it does not. Defendant has been in the actual possession and occupancy of the premises for 13 years. To make up the necessary 15 years she attempted to show that her predecessor in the occupancy of the prop-

[1] Reported in 149 N. W. 647.

erty had remained in the actual, open and hostile possession thereof, under claim of title, for several years immediately preceding the date on which defendant took possession. Defendant or her husband paid $50 to the prior possessor for his rights. Defendant has the right to tack on this prior possession to complete the necessary fifteen years, but the evidence wholly fails to show that the prior possessor, if anything more than a naked trespasser, was holding the property under any color or claim of title. He entered into possession without permission of the owner, and under no claim of right as against such owner. During the time of his possession he entered into negotiations with the holder of the record title for the purchase of the property, at least for a quitclaim deed of the same, and agreed to pay therefor the sum of $50. He paid $10 down, but made no further payments, though the quitclaim deed was tendered to him. This contract, though verbal, negatives any inference of an adverse claim. Olson v. Burk, 94 Minn. 456, 103 N. W. 335; Johnson v. Peterson, 90 Minn. 503, 97 N. W. 384. He also contemplated at one time during his possession acquiring a tax title to the property, but the delinquent taxes at that time amounted to about $200, and he dropped the matter. Neither he nor defendant ever paid any taxes upon the property, and the prior possessor testified on the trial that he never made any claim to the ownership of the property. While an affirmative claim of ownership is not necessary in such cases, where the acts and conduct of the person in possession clearly and unequivocally indicate such claim in fact, the evidence in this case wholly fails to show acts or conduct of that nature. From the evidence the court below was fully justified in concluding that the prior possessor entered upon the property as a trespasser, under no claim of title or right as against the true owner, and that he remained in that status until he vacated the same. The case comes within several of our later decisions. Mitchell v. Green, 125 Minn. 24, 145 N. W. 404; Mattson v. Warner, 115 Minn. 520, 132 N. W. 1127, and the cases therein cited.

Judgment affirmed.