PRENTICE, Respondent, v. COUGHRAN et al., (Girton-Adams Ice Company, Appellant).

(157 N. W. 319.)

(File No. 3908.    Opinion filed April 11, 1916.)

**Real Property, Title—Assignment for Benefit of Creditors—Ownership Through Assignee—Common Law Assignment—Foreign Assignment, Without Bond or Inventory, Effect—Statutes—Presumption of Acquiescence in Assignee's Deed.**

A debtor, owner of realty in this state, executed in another state an assignment of his property, including the realty, for benefit of his creditors, which intsrument was recorded in the county wherein the realty was situated, but no bond or inventory was filed there or elsewhere. Civ. Code, Sec. 2383, provides that an assignment for benefit of creditors is void against assignor's creditors and against purchasers and encumbrancers, etc., if the assignment is not recorded and inventory filed; and Sec. 2386 provides that until such assignment is recorded, inventory filed and bond given by assignee as required by statute, the assignee has no authority to dispose of the estate. **Held,** that the assignment was, as between the parties thereto, good as a common law assignment, and such parties could not deny but that title to the lots passed to assignee; and a deed of the realty by the assignee to plaintiff, while it may have been without statutory authority, and void as against the assignor and his creditors, conveyed title to plaintiff, and the assignee was estopped to question its validity. **Held,** further, that after the lapse of 17 years since the assignee's deed was executed, it will be presumed that all interested parties acquiesced in the assignee's act in conveying the property, and that they received the benefit of whatever consideration was paid for his deed.

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by Ella G. Prentice, by R. F. Pettigrew, her guardian ad litem., against W. E. Coughran and others, to recover possession of and to quiet title to realty. From a judgment for

plaintiffs, the defendant Girton-Adams Ice Company appeals. Affirmed.

*Boyce, Warren & Fairbank,* and *Davis & Lyon,* for Appellant.

*Bailey & Voorhees,* for Respondent.

Appellant cited: Civ. Code, Secs. 2379, 2380, 2381, 2386. Appellant submitted that: The provisions of our statute in regard to filing inventory, affidavit and bond, are mandatory; and cited: Farmer v. Cobban, 4 Dakota, 425; Landouer v. Conklin, 3 S. D. 472; Juliand v. Rathbone, 39 N. Y. 369; Bryant v. Langford, 22 Pac. 219 (Cal.); Palmer v. McCarthy, 31 Pac. 241 (Colo.. That: The deed of a foreign assignee who has not complied with the law of the state where the land is situated, is void; and cited; Kirkendall v. Weatherley, 109 N. W. 757 (Neb.); Thompkins v. Adams, 20 Pac. 520 (Kans.); Watson v. Holden, 50 Pac. 883 (Kans.); McNutt v. Mellans, 108 Pac. 834 (Kans.); Barnette v. Kinney, 23 Pac. 922 (Idaho).

Respondent submitted that: The title of plaintiff under the assignment for benefit of creditors is valid; and cited: 5 Am. & Eng. Enc. of L. & Pr., p. 1204 et seq.; Munson v. Frazer, 73 Iowa, 177; King v. Glass, 73 Iowa, 205; Chafee v. Fourth National Bank of New York, 71 Me. 514; Palmer v. Mason, 42 Mich. 146; Thompson v. Ellenz, 58 Minn. 301; Wright v. Franklin Bank, 59 Ohio St. 80; Bentley v. Whittimore, 19 N. J. Eq. 462; Bank of Commerce v. Windmuller, 106 Ky. 395; Egbert v. Baker, 58 Conn. 319; Butler v. Wendell, 57 Mich. 62; Barnett v. Kinney, 147 U. S. 476; 2 Decennial Dig., Tit., Assignments for Creditors, Secs. 19, 21, 199; Williams v. Kemper, Hunter & McDonald Dry Goods Company, (Okla.) 43 Pac. 1148.

WHITING, J. The trial court held respondent to be the owner of six certain lots situate in this state. Respondent's only source of title was as follows: In the year 1893 one P., the then owner of these lots, executed and delivered, in the state of Illinois, a voluntary deed of assignment purporting to assign, to the assignees therein named, all the grantor's property of every kind and nature for the benefit of the grantor's creditors. This deed was thereafter filed for record in the county wherein the

above-mentioned lots are situate. No bond or inventory was ever filed with said assignment in Minnehaha county or in any other place. After the execution and recording of such deed, P. gave to one B. a deed to two of said lots. Thereafter and in the year 1894, the assignees in the above deed of assignment gave to B. a deed to all six of said lots. Thereafter B. gave a deed to all six lots to the plaintiff herein. The only question demanding our consideration is the trial court's holding that, through the above instruments, plaintiff became the owner of such lands. Appellant's claim of title rests upon a tax deed void on its face.

Appellant contends: (1) That no title to these lots ever passed to the assignee; (2) that if title passed to the assignee, P.'s deed to B. was a nullity inasmuch as P. then had no title; (3) that if title passed to the assignee, his attempted transfer to B. was a nullity.

The assignment was good between the parties thereto as a common-law assignment, and such parties could not deny but that the title to the lots passed to the assignee. As stated in Lacy v. Freeman, 93 Minn. 274, 101 N. W. 167:

"It is elementary that parties may make and enter into such contracts, bargains, and agreements as they may deem best for their interests, and neither the Legislature nor the courts have the power or right to restrict them in the exercise of that privilege, so long as their contracts are not immoral or tainted with positive illegality. In the case at bar Dittbenner was insolvent and unable to pay his debts, and to satisfy his creditors, or those who should participate in the transaction, he conveyed the property in question to plaintiff, as trustee, under the agreement of plaintiff to convert the same into money and pay and discharge Dittbenner's debts. The transaction amounted in effect to an assignment for the benefit of creditors, not an assignment under our insolvency statutes, or made in conformity with the statutory regulations of common-law assignments, but a common-law assignment pure and simple. * * * The decisions are uniform in holding that, so far as the rights of creditors are concerned, assignments of this character, where the statutes are not complied with, are void; but we have been cited to no case

where it has been held that such conveyances or assignments are void as between the parties to the transaction. The case is analgous to one where property is transferred by an insolvent debtor for the purpose of hindering, delaying, or defrauding creditors. In such cases the courts hold the transaction to be void as to creditors, but valid and binding between the parties. As said in Brasie v. Minneapolis Brewing Co., 87 Minn. 456, 92 N. W. 340 [67 L. R. A. 865] 94 Am. St. Rep. 709: 'Transfers of property made for the purpose of hindering and defrauding creditors are not absolutely void. They are only voidable at the election of the creditors defrauded. While the statutes pronounce such transfers void, the word "void," as there used, is construed by all courts to mean "voidable." ' Section 4227, supra, simply declares conveyances and assignments for the benefit of creditors, where the statutes are not complied with, void, and this must be construed as rendering such conveyances voidable only at the election of creditors, and that as between the parties they are valid and binding obligations, for the right to make a common-law assignment for the benefit of creditors exists independent of statutes. In re Bird, 39 Minn. 520, 40 N. W. 827."

Therasson v. Hickok, 37 Vt. 454; Finley v. McConnell, 60 Ill. 259; Williams v. Kemper, etc., 4 Okl. 145, 43 Pac. 1148; Notes to Long v. Forrest, 23 L. R. A. 33; 4 Cyc. 146; 2 R. C. L. 688.

Section 2383, C. C., provides

"That an asignment for the benefit of creditors is void against creditors of the assignor, and against purchasers and incumbrancers in good faith and for value, if the assignment is not recorded and the inventory * * * filed. * * *"

And section 2386, C. C., provides that until such assignment is recorded, inventory filed and bond given by asignee as required by the statute, the assignee "has no authority to dispose of the estate. * * *" In construing similar provisions of the California Code the court of that state, in Bryant v. Langford, 80 Cal. 542, 22 Pac. 219, rightfully said:

"The failure to give the bond did not affect the validity of the deed. The execution and delivery of the deed vested the title to the property in the assignee. A failure on the part of the assignor to file an inventory, or a failure to

record the deed, renders the assignment void as 'against creditors of the assignor and against purchasers and incumbrancers in good faith and for value,' and until the inventory and affidavit have been filed, and the assignee has given the required bond, such assignee has no authority to dispose of the estate or convert it to the purposes of the trust. Civ. Code, §§ 3461-3468. But the title passes as between the assignor and assignee, and the assignment is irrevocable. Forbes v. Scannell, 13 Cal. 242; Warner v. Jaffray, 96 N. Y. 256 [48 Am. Rep. 616]."

Appellant contends that inasmuch as the assignee had no authority to dispose of these lots at the time he gave the deed to B., such deed was void and passed no title. While he may have acted without statutory authority and his deed been void as against the assignor and the creditors of such assignor, the assignee himself would be estopped to question the validity of such deed, and no one except the assignor or a creditor—the parties for whose benefit section 2386, supra, was enacted—have any right to avoid same. Finley v. McConnell, supra.

The assignment and the assignee's deed were executed more than 17 years prior to the bringing of this action. After such lapse of time, we certainly would be justified in presuming that all the interested parties long since acquiesced in the act of the assignee in conveying such property, and that they have received the benefit of whatever consideration was paid for the assignee's deed. The following quoted from the opinion in Mitchell v. Green, 125 Minn. 24, 145 N. W. 404, a case "on all fours" with this case, is peculiarly applicable to the case before us :

"The making of such an assignment is the exercise of a common-law right, and is in the nature of a contract; it is not the exercise of a right given by statute. The statute merely regulates and governs the manner of making the assignment and of executing the trust thereby created. The title is vested in the assignee by the voluntary act of the assignor, and the power to convey is conferred upon the assignee by the deed of assignment and not by the statute. The statute merely regulates the exercise of the power. Burrill on Assignments, 24; Lesher v. Getman, 28 Minn. 93, 9 N. W. 585; Mackellar v. Pillsbury, 48

Minn. 396, 51 N. W. 222; Lucy v. Freeman, 93 Minn. 274, 101 N. W. 167.

"Gaasch, the assignee, possessed the legal title with power to convey. He made a sale and executed a proper deed to Mitchell. If he executed such deed without first having the sale approved by the court, that fact did not make the conveyance an absolutely nullity, but, at most, merely rendered it voidable. Lucy v. Freeman, 93 Minn. 274, 101 N. W. 167; Weide v. Porter, 22 Minn. 429; Bristol Savings Bank v. Judd, 116 Iowa, 26, 89 N. W. 93; Breyfogle v. Stotsenburg, 148 Ind. 552, 47 N. E. 1057; In re Rider, 23 Hun (N. Y.) 91.

"As the deed was not void, but only voidable, and neither the assignors nor their creditors asked to have it set aside, the title passed to and vested in Mitchell. And all the parties in interest having acquiesced in the conveyance, defendant, an entire stranger to the proceeding, cannot be heard to question it."

The judgment appealed from is affirmed.

GATES, J., taking no part herein.

McCOY, J. (concurring in conclusion only). I am of the view that the assignment laws of this state have no application to assignments made in other states, that the laws of this state relate solely to assignments made in this state. Statutory assignments have no extraterritorial effect on the title of real estate outside the state where made. Adams v. Hartzell, 18 N. D. 221, 119 N. W. 635. I concur on the ground that the assignee under a common-law assignment could transfer to plaintiff sufficient title to maintain this action, but am not willing to construe the effect of the assignment laws of this state in connection therewith, as they can have no possible application.

SMITH, J., concurs in the views of Justice McCOY.