No. 20,335.

J. W. GRANTHAM, *Appellee*, v. T. CONNER and W. W. WYATT, as Executors and as Trustees, etc., et al., *Appellants*.

SYLLABUS BY THE COURT.

1. PAROL AGREEMENT—*Relating to Lands—Neither Express nor Implied Trust Created.* A parol agreement between one who has obtained an option to purchase a tract of land and another, that the latter would buy the land, pay the full purchase price of it and also the amount paid by the first party to obtain the option, taking the title in his own name, and that he would, when the land was sold, pay the first party one-half of any increase that might be obtained for the land, did not create a valid express trust in favor of the first party; and since no part of the purchase price was paid by him, a trust did not arise in his favor by implication of law under section 8 of the act relating to trusts and powers (Gen. Stat. 1909, § 9701).

2. SAME—*No Partnership Formed.* Nor did the agreement of the parties create a partnership relation between them.

Appeal from Cherokee district court; JAMES N. DUNBAR, judge. Opinion filed January 8, 1916. Reversed.

*Andrew S. Wilson*, and *William F. Sapp*, both of Galena, for appellant J. O. Goodwin.

*E. B. Morgan*, of Galena, for appellants T. Conner and W. W. Wyatt.

*Grant Waggoner*, of Baxter Springs, and *Al. F. Williams*, of Columbus, for·the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This appeal is taken from an order overruling a demurrer to the petition filed by the plaintiff and giving defendants twenty days within which to file an answer.

In the petition it was alleged that J. W. Grantham obtained from S. J. Toovey a week's option giving him the exclusive right to purchase 160 acres of land in Cherokee county for the price of $9600; that he paid Toovey $100 for the option, the same to be applied on the purchase price in case he decided to buy the land. It was further alleged that Grantham entered into an oral contract with John M. Cooper whereby the latter paid the purchase price, including the $100 paid by Grantham for the option, and took the title in his own name with the

understanding that Cooper was to have an interest therein to the extent of the $9600 paid and also one-half of the value then existing in or to be realized from said land, over and above the said sum of $9600, and the other one-half to be held in trust for Grantham. It is alleged that Cooper openly acknowledged the interest existing in this property in favor of Grantham for a time, but later denied the same and continued to do so until his death on November 18, 1914. Defendants T. Conner and W. W. Wyatt are the executors and trustees of Cooper's estate, and Grantham filed his written demand with them claiming an interest in the land, and the latter having disallowed his claim, this suit was commenced. Appellant. J. O. Goodwin was afterward made a party defendant for the reason that he claimed to have purchased the land from Cooper and that a deed to him from Cooper had been placed in escrow to be delivered upon payment of the purchase price.

The demurrer of the defendants is based upon the theory that the alleged trust in these lands in favor of plaintiff was void for the reason that it was not in writing as required by the act relating to trusts in land, and that it does not come within the exception in section 8 of the act, which relates to implied trusts (Gen. Stat. 1909, § 9701), for the reason that the petition did not allege that the agreement was without any fraudulent intent and that Grantham paid the purchase money or some part thereof.

Is the oral agreement valid and enforceable? The statute provides, in effect, that a trust in land can only be created by a writing signed by the party or his duly authorized attorney, except when it arises by implication of law. (§ 9694.) Is the oral agreement within the exception; that is, does a trust arise by implication of law under it? In section 6 of the act relating to trusts and powers (Gen. Stat. 1909, § 9699) it is provided that in case a conveyance of land is made to one person and the consideration paid by another a trust will not result in favor of the one who pays the consideration except as provided in section 8 of the act; that is, "where it shall be made to appear that by agreement and without any fraudulent intent the party to whom the conveyance was made, or in whom the title shall vest, was to hold the land or some interest therein in trust for the party paying the purchase-money or

some part thereof." (§ 9701.) The essentials of the exception are absence of fraudulent intent, and that the one claiming that a trust results in his favor shall have paid the purchase price or some part thereof. While Grantham held the option to purchase the land, he transferred his right to Cooper who paid the full purchase price of the land as well as the money advanced by Grantham to obtain the option. The petition contains no express allegation that the agreement between the parties was free from fraudulent intent, but perhaps a liberal interpretation of the averments may warrant the inference that there was an absence of fraud in the transaction. The claim that a trust resulted in favor of Grantham, however, fails because of the lack of the element of payment. The oral agreement can not be enforced and a trust declared in favor of Grantham under the exception unless he has paid all or some part of the purchase price of the land. And it can not be regarded as an express trust for the reason that it was not created in writing. (*Morrall v. Waterson,* 7 Kan. 199; *Franklin v. Colley,* 10 Kan. 260; *Ingham v. Burnell,* 31 Kan. 333, 2 Pac. 804; *Gee v. Thrailkill,* 45 Kan. 173, 25 Pac. 588; *Love v. Love,* 72 Kan. 658, 83 Pac. 201; *Blackwell v. Blackwell,* 88 Kan. 495, 129 Pac. 173.)

He insists that he is entitled to an interest in the land on the theory that a partnership relation was formed by the agreement, and he cites as an authority *Tenney v. Simpson,* 37 Kan. 353, 15 Pac. 187. That relation does not exist between the parties because the agreement did not provide for a community of profits and losses in the business enterprise. Persons may enter a partnership relation by uniting to place their money, effects, labor or skill, or some of them, in a business enterprise, but it is essential that each member shall subject himself to partnership duties and liabilities and that there shall be a community of interests in the profits and losses. (*Jones v. Davies,* 60 Kan. 309, 56 Pac. 484, 72 Am. St. Rep. 354; 30 Cyc. 349.) Here there was no agreement that Grantham should bear any of the expenses or share in any of the losses that might result from the enterprise. According to the arrangement Cooper was to advance the purchase money and the cost of the option and was to pay Grantham one-half of any increase there might be in the value of the land after the

purchase was made. Grantham had the option which might be regarded as a sufficient consideration for an agreement otherwise valid, but he did not agree to pay any part of the taxes or other expenses incident to the holding or disposing of the land, nor did he agree to share in any of the losses that might result from a diminution in the value of the land. An agreement that one party is to give and the other receive a half interest in the proceeds of an investment of this kind where there is no provision for sharing in the losses is not a valid partnership agreement. (30 Cyc. 358.)

It follows that the judgment overruling the demurrer to the petition must be reversed and the cause remanded for further proceedings.