**ROGERS et al. v. RALSTON et al.**

No. 6934—Opinion Filed Feb. 13, 1917.

Rehearing Denied May 22, 1917.

(164 Pac. 980.)

(Syllabus by the Court.)

Partnership—Action to Establish Partnership Interest—Finding and Conclusion of Law.

Record examined, and held: (1) That the findings of fact of the trial court are not clearly against the weight of the evidence; (2) that the trial court did not err in its conclusions of law.

Error from District Court, Nowata County; T. L. Brown, Judge.

Suit in equity by G. A. Rogers and O. O. Owens against John Ralston, in which on their motion J. H. Flippin, A. B. Crowell, F. M. Crowell, J. F. Flippin, and F. M. Reed, Jr., were made parties defendant. Judgment for plaintiff Rogers, directing the defendants, other than Ralston, to execute to him an assignment of his interest, and judgment against plaintiff Owens, and plaintiffs bring error. Affirmed.

Rogers & Fulghum, McGuire & Devereux, and W. D. Humphrey, for plaintiffs in error.

Adams & Wills, for defendants in error.

KANE, J. This was a suit in equity, filed in the district court of Nowata county by G. A. Rogers and O. O. Owens, plaintiffs in error, plaintiffs below, against John Ralston, defendant in error, defendant below, the purpose of which was to establish a joint adventure, a joint undertaking, partnership, or trust relation between the plaintiffs, Rogers and Owens, and the defendant John Ralston, in relation to two oil and gas mining leases covering two separate and distinct tracts of land. After the commencement of the suit the other defendants named above, upon their motion, were made parties defendant upon their showing to the effect that they were the owners by assignment of the oil and gas mining leases involved in the controversy be-

tween Rogers and Owens and Ralston. Upon trial to the court there were findings of fact to the effect that the plaintiff O. O. Owens never at any time obtained any right, title, interest, estate, or claim in and to said oil and gas mining leases; that the plaintiff G. A. Rogers and the defendant John Ralston entered into a certain agreement whereby Ralston became entitled to an undivided three-sixteenths interest in and to the lease covering one of the tracts of land. Upon these findings of fact the court made conclusions of law to the effect that the plaintiff O. O. Owens take nothing by his suit, that the plaintiff G. A. Rogers is the owner of and entitled to an undivided three-sixteenths interest in and to one of said oil and gas mining leases, and that the defendants J. H. Flippin, Allie B. Crowell, F. M. Crowell, J. F. Flippin, and F. M. Reed, Jr., are directed and ordered to execute to said Rogers an assignment for said interest. From this action of the court Rogers and Owens prosecuted this proceeding in error.

Counsel for plaintiffs in error in their brief present their grounds for reversal under three subheads, entitled "Point One," "Point Two," and "Point Three." As point 1 and point 2 relate exclusively to the sufficiency of the evidence to sustain the findings of fact of the trial court, all that we deem it necessary to say in relation to them is that we have carefully examined the voluminous record in the case, and have reached the conclusion that the findings of fact of the trial court are not clearly against the weight of the evidence. All of the evidence taken at the trial is presented to this court for review in two large volumes, and no useful purpose could be subserved by attempting to set it out in this opinion at any great length. It is sufficient to say of it that at all material points it is irreconcilably conflicting, and, not having the advantage of hearing the witnesses testify and noting their demeanor upon the stand, as the trial court did, we are not disposed to disturb the judgment rendered upon the ground that it is clearly against the weight of the evidence.

Point 3 is as follows:

"The trial court erred in its application of the law to the following finding (page 471): 'The court further finds that on or about the 25th day of October, 1913, the defendant John Ralston and the plaintiff G. A. Rogers entered into a joint parol agreement and understanding whereby they were to procure an oil and gas mining lease upon the following described real estate, to wit: The east half of the northeast quarter of section 10, township 28 north, range 14 east, situated in Nowata county, state of Oklahoma. But the court further finds that the plaintiff O. O. Owens was no party to said

contract, and never at any time obtained any right, title, interest, estate, or claim in and to said oil and gas mining lease; and the court further finds that, after the procurement of said oil and gas mining lease last above described, the plaintiff G. A. Rogers and the defendant John Ralston entered into a partnership arrangement, whereby said parties to said lease agreed to sell and dispose of an undivided five-eighths interest in and to said oil and gas mining lease for the purpose of having the same drilled for oil and gas. The court further finds that, after the taking of said above-described oil and gas mining lease last above described, the said defendant John Ralston caused to be erased from said lease the name of said plaintiff G. A. Rogers, and that the erasure of the name of said plaintiff G. A. Rogers was unauthorized by said plaintiff G. A. Rogers; that thereafter the defendant John Ralston, in pursuance of the aforesaid partnership arrangement existing between him, the said John Ralston, and the plaintiff G. A. Rogers, did sell, set over, and assign unto the defendants the whole of said oil and gas mining lease last above described, as has been more fully set out herein; that said defendants became invested with a five-eighths undivided interest in and to said oil and gas mining lease, and that the plaintiff G. A. Rogers is, by reason of the partnership agreement existing between him and the defendant John Ralston, relative to the sale of the five-eighths undivided interest in and to said oil and gas mining lease, estopped from claiming more than an undivided one-half interest in the remaining interests of said oil and gas mining lease, to wit, an undivided one-half of an undivided three-eighths interest in said oil and gas mining lease.' "

From counsel's argument of this point in their brief, it is a little difficult to gather the precise question of law they wish to present for review. If we understand them correctly, their contention is that, inasmuch as the court found that Ralston and Rogers entered into a partnership agreement whereby they were to procure the oil and gas mining lease, in which the court found Rogers had an undivided one-half interest, it was error to hold that he was estopped to claim more than an undivided one-half of an undivided three-eighths interest in said oil and gas mining lease. This seems to be the interest that Rogers would be entitled to according to his own version of his contract with Ralston. The arrangement between Rogers and Ralston, as detailed by Rogers, was that they should procure the leases, each putting into the enterprise an equal amount of cash. But it was also well understood that it would be necessary for Ralston and Rogers to dispose of five-eighths of the lease to other parties, in order to raise sufficient

funds to develop the property, and that they were to retain only the remaining three-eighths interest. On this point Rogers testified:

"Q. You say it was the original agreement between you and Mr. Owens and Mr. Ralston that you were to sell five-eighths and retain three-eighths? A. Yes, sir. Q. You didn't intend to derive any profits from the five-eighths? A. No, sir. We wanted just enough money to drill the well, and the parties all agreed to pay it."

This evidence, no doubt, furnished the basis for the court's finding that Rogers was entitled to only an undivided one-half of the remaining three-eighths interest. We are unable to perceive any error in this conclusion.

For the reason stated, the judgment of the court below is affirmed.

All the Justices concur.