## REISER v. JOHNSTON.

No. 6387—Opinion Filed July 10, 1917.

(166 Pac. 723.)

1. **Partnership — Action — Accounting.**

One partner to a partnership agreement involving a single transaction may maintain an action against his copartner for his share of the profits or to recover from his copartners his pro rata share of the losses without the necessity of a formal accounting by a court of equity.

2. **Partnership — Partners — Powers — Compromise of Suit.**

A majority of partners to such partnership may compromise a suit against the partnership in good faith after notice to all the partners, by disposing in said compromise of all the assets belonging to the partnership, the subject-matter of the litigation, and thus bind all the partners to the partnership by such action.

(Syllabus by West, C.)

Error from District Court, Pottawatomie County; Chas. B. Wilson, Jr., Judge.

Action by Jennie McDivitt against J. L. Reiser and Geo. McKinnis, to which Willard Johnston was made a defendant. Johnston filed a cross-petition praying for judgment against Reiser. There was a judgment against Reiser, and he brings error. Affirmed.

Edward Howell and W. N. Maben, for plaintiff in error.

E. C. Stanard, J. H. Wahl, and C. H. Ennis, for defendant in error.

Opinion by WEST, C. Jennie McDivitt filed a suit in the superior court of Pottawatomie county against J. L. Reiser, plaintiff in error, and Geo. McKinnis, to recover $8,500 and interest, the balance of the purchase price of a tract of land upon which $4,000 had been paid. Plaintiff in error, defendant in the original suit, answered that he had made the contract sued upon, but that the same was for the use and benefit of himself, Geo. McKinnis, and one Willard Johnston, and attached to his answer a partnership agreement entered into between plaintiff in error, Geo. McKinnis, and Willard Johnston, relative to the purchase of the tract of land involved in the suit, which agreement disclosed that Johnston was to furnish the money to buy the tract of land, and that Reiser, McKinnis, and Johnston were to share equally in the profits and losses in this particular real estate venture, and asked in his answer to have Johnston, whom he alleged was primarily liable, made a party defendant, and thereupon Johnston was made a party defendant.

Before answer day for Johnston, Johnston and McKinnis endeavored to have a meeting of the three defendants who were parties to the partnership agreement pleaded by the plaintiff in error, to adjust the suit against them by plaintiff, Jennie McDivitt. Reiser refused to attend these meetings, being notified first orally and next by written notice. Johnston and McKinnis determined to settle the suit brought by Jennie McDivitt by turning back to her the land in controversy in consideration of the balance due thereon, agreeing to lose the $4,000, the initial payment. Thereupon Johnston filed answer and cross-petition, alleging in his answer the fact of the compromise of the original suit and in his cross-petition asked for judgment against J. L. Reiser, his codefendant, for his pro rata share of the loss incurred

in this real estate transaction, which was one-third of the $4,000, the initial cash payment, with interest thereon. To this cross-petition, J. L. Reiser, plaintiff in error, filed answer. The cause was then transferred to the district court of Pottawatomie county, where it went to trial to a jury. The answer of plaintiff in error to defendant's cross-petition denied all liability to plaintiff, and further that plaintiff had failed to carry out the original agreement in making the deferred payment on the land, and on account thereof defendant was not liable, and further that defendant had not agreed to the settlement with Jennie McDivitt, plaintiff in the original suit, and that the court was without jurisdiction to determine the controversy between plaintiff in error and defendant in error.

At the conclusion of the evidence offered by defendant in error, plaintiff in error interposed the following demurrer to the evidence:

"Mr. Howell: Comes now the defendant, J. L. Reiser, and demurs to the evdence of the plaintiff for the reason the evidence is insufficient and fails to show any cause or right of action in the said Willard Johnston against the defendant J. L. Reiser, and for the further reason if the said Johnston has any right of action the same has not accrued for the reason that no action has ever been filed to dissolve the partnership and no dissolution of said partnership has been had, and for the further reason that no agreement of all the parties to said partnership has ever been had as to the complete and final determination of the equities and rights of the partners under the contract sufficient for the purpose of forming a basis of an action by one partner against another."

Which demurrer was by the court overruled. Plaintiff in error excepted and elected to stand on his demurrer to the evidence, and thereupon the court instructed the jury to return a verdict in favor of defendant in error, and the action of the trial court in refusing to sustain the demurrer to the evidence is brought here for review.

The issues being raised by a demurrer to the evidence, the demurrer admits all of the facts which the evidence tended to prove and every reasonable deduction that might be drawn therefrom considered in the light most favorable to defendant in error, and, if the evidence so considered is sufficient to sustain the judgment of defendant in error, then the demurrer was properly overruled. The evidence tended to show that the defendant in error was to furnish the money to pay for the McDivitt land, that he did furnish the $4.000, which was the initial payment, but failed to make the second payment—

$8,500. The evidence tended to show further that the defendant in error had been released by all of his codefendants in the original suit, who were his partners in this real estate transaction, from making this payment; and that the plaintiff in error, Reiser, had failed and refused to meet with his copartners in their efforts to adjust the McDivitt suit and that they compromised said suit in good faith and highly advantageous to the defendants in said suit.

The issues as presented and argued by plaintiff in error are as follows: First, can one partner maintain an action against another partner for his share of the profits and to compel another partner to make good his pro rata share of the losses of a single partnership transaction without the necessity of a formal accounting by a court of equity? Second, can a majority of the members of a partnership make disposition of the partnership property as was done in this case, and thus bind all of the partners to the partnership agreement?

In case of Pettingill v. A. Jones, reported in 28 Kan. 749, the second paragraph of the syllabus is as follows:

"2. Partnership in a Single Transaction; —Practice.

"While an action of accounting is the ordinary one for settling the affairs of a partnership, yet where the partnership is simply a joint venture in a single transaction, and the petition alleges the partnership, its close, the profits of such venture, and that defendant has received and appropriated the entire amount thereof, and prays judgment for plaintiff's share, and the answer denies generally, and claims that the transaction was not a partnership but an individual matter, and upon these pleadings the parties without objection go to trial before a jury, held, that the court did not err in refusing to instruct the jury that the plaintiff could not recover unless there had been an accounting between the parties."

In the body of the opinion the court used the following language:

"Where there is but a single partnership transaction, one joint venture, which is fully closed, we think one partner may maintain an action against the other for his share of the profits of that single transaction, and that in such a case there is no necessity of a formal accounting between parties. Sikes v. Work, 6 Gray (Mass.) 433; Wheeler v. Arnold, 30 Mich. 304."

In 30 Cyc. p. 464, the following language is used:

"When a partnership is limited to a single venture not involving a partnership account, or when but a single item remains unadjust-

ed, or when the parties have partitioned the firm property among them, an action of law will lie, and an accounting in equity is unnecessary."

And so we hold in the instant case that defendant in error, Johnston, could maintain an action at law on his cross-petition against plaintiff in error, J. L. Reiser, one of his codefendants, to compel him to make good his pro rata share of the loss of this single partnership transaction, and this without the necessity of a formal accounting by a court of equity.

The next question presented is whether or not a majority of the members of a partnership can make disposition of the partnership property, as was done in this case, and thus bind all the partners to the partnership.

Section 4446, Rev. Laws of Oklahoma 1910, provides:

"Unless otherwise expressly stipulated, the decision of the majority of * * * a general partnership binds it in the conduct of its business."

The above statute was construed by the Supreme Court of the territory of Oklahoma in case of Williams v. Kemper, 4 Okla. 145, 43 Pac. 1148, in the following language:

"The partners who joined in the deed had power to cover the interest of the firm in the real estate in question, as it appears from the finding that the real estate belonged to the firm. Section 3478, Okla. Stat., provides: 'The property of a partnership consists of all that is contributed to the common stock at the formation of the partnership, and all that is subsequently acquired thereby.' Section 3479: 'The interest of each member of a partnership extends to every portion of its property.' Section 3489: 'Property, whether real or personal, acquired with partnership funds is presumed to be a partnership property.' Section 3515: 'Unless otherwise expressly stipulated the decision of the majority of the members of a general partnership binds it in the conduct of its business.' Under these provisions of the statute, even if Jackson was a member of the firm at the time of the assignment, the action of the other two partners in executing the trust deed would bind the firm as to partnership property."

Counsel for defendant contend that said act and the construction thereof is in conflict with section 4448, which is as follows:

"Sec. 4448. Limitations on Authority of Partners.

"A partner, as such, has not authority to do any of the following acts, unless his copartners have wholly abandoned the business to him, or are incapable of acting: First. To make an assignment of the partnership property, or any portion thereof, to a cred-

itor, or to a third person in trust for the benefit of a creditor, or of all creditors; second, to dispose of the good will of the business; third, to dispose of the whole of the partnership property at once, unless it consists entirely of merchandise; fourth, to do any act which would make it impossible to carry on the ordinary business of the partnership; fifth, to confess a judgment; sixth, to submit a partnership claim to arbitration; or, seventh, to do any other act not within the scope of the preceding section."

We do not think there is any conflict in the statutes above quoted; neither do we think there is a conflict in the Williams Case, 4 Okla. 145, 43 Pac. 1148, and the Thorp Case, 12 Okla. 617, 73 Pac. 268.

In the Williams Case the court held that a majority of the partners could act, and in the Thorp Case the court held that one partner could not dispose of the partnership property owned by two partners. One partner would not be a majority. Besides, in the instant case the evidence offered by the plaintiff tended to show that the defendant had abandoned this partnership business by failing and refusing to attend the meetings of the partnership after having been notified so to do, and offering no excuse for his failure to so attend, and if he abandoned the business to the other members then he could not complain of any act in good faith of his copartners in the disposition of their business or the compromising of said suit. Walker v. Yellow Poplar Lumber Co. (Ky.) 35 S. W. 272; Story on Partnership (7th Ed.) § 123.

Finding no error, judgment of the lower court is affirmed.

By the Court: It is so ordered.