## CHOWNING v. GRAHAM.

No. 9398—Opinion Filed Dec. 31, 1918.

Rehearing Denied March 4. 1919.

(178 Pac. 676.)

1. **Partnership—Petition to Establish Interest in Partnership—Share in Losses.**

In partnership agreements, if the contract is silent on that point, there is an implied agreement that the parties shall share in the losses, and a petition may state a cause of action, which fails to allege that there was such agreement.

2. **Contracts—Agreement—Consideration.**

An agreement whereby one party puts his services, knowledge, skill, labor, or learning against the money or property of the other is a sufficient consideration to support a contract.

3. **Frauds, Statute of—Part Performance—Effect.**

Where a contract is within the statute of frauds is fully or partially performed, the same is thereby taken out of the statute and is enforceable.

4. **Partnership—Realty—Action to Establish Interest—Tenancy in Common.**

Real estate belonging to a partnership is considered personalty, but where a suit is instituted the nature of which is to terminate the partnership and establish the interest of the parties, where the partnership is not indebted, the court has power to award each of the partners their respective interest in such real estate, and make them tenants in common, without ordering the real estate sold and the profits divided.

(Syllabus by Springer. C.)

Error from District Court. Carter County; W. F. Freeman, Judge.

Action by Thomas Graham against R. H. Chowning. Judgment for plaintiff, and defendant brings error. Affirmed.

C. R. Barry and Geo. S. March, for plaintiff in error.

Stuart, Cruce & Cruce, for defendant in error.

Opinion by SPRINGER, C. The parties will be referred to as they appeared in the court below. This was an action by the plaintiff for the purpose of establishing his interest in an alleged partnership and to decree to him that interest.

The answer denied the allegations of the petition filed by the plaintiff. The case was tried to the court below and resulted in a judgment in favor of the plaintiff, and it is now claimed that there is error in the judgment, in that the petition did not state a cause of action, and the court was without power to render the judgment upon the petition and the evidence.

It is the contention of the defendant that no partnership was pleaded or proven in this case, because of the absence in the petition of a specific allegation that there was an agreement between the plaintiff and defendant as to sharing the losses in the alleged partnership venture. In support of his contention the defendant refers us to the case by this court of Municipal Paving Co. v. Herring, 50 Okla. 470, 150 Pac. 1067. But a careful examination of that case convinces us that the court was merely stating the elements necessary to a partnership.

The petition in this case does not specifically allege that there was an agreement with respect to a division of the losses which might occur in the alleged partnership venture, nor do we believe any was necessary. An agreement by one party with another to share losses would not establish a partnership; but, if there was a specific agreement of partnership entered into between the parties, it would follow as a necessary implication that the partners were to share in the profits and losses.

In the case cited by the defendant is found this language:

"In partnership agreements, if the contract is silent on that point, there is always an implied agreement that the partners share in the losses."

In that case there was no specific agreement between the parties as to sharing the losses, but the court held, that, if the facts disclosed the existence of a partnership, such an agreement would be implied.

The case of Avery v. Llano Cotton Seed Oil Mill Association, 196 S. W. 351, the Court of Civil Appeals of the state of Texas said:

"Even though it could be said that, under the testimony offered by appellants themselves, they and Latting were to share in the profits of the venture alone, a partnership between them and Latting was clearly established; for, as said in Cochran v. Marmaduke, 60 Tex. 370: 'It is not essential to constitute a partnership that the parties were by agreement to share in the losses, but it is sufficient if they are to have a community of interest in the profits as such.'

"In that case the following is quoted from Story on Partnership, par. 58: 'That he who is to take a part of the profits shall by operation of law be made liable to losses as to third persons, because by taking a part of the profits he takes from the creditors a part of that fund which is the security for the payment of their debts.' "

In Pasche v. South St. Jos. Townsite Co. (Mo. App.) 190 S. W. 31, it was held in the syllabus:

"Where parties agreed to share the profits of a business without mentioning losses, the fact did not destroy the effect in creating a partnership of what was expressly said as to profits."

And in the Colorado case of Richardson v. Keely, 58 Colo. 47, 142 Pac. 167, it was held:

"It is also urged that a division of profits does not constitute a partnership, and Le Fevre v. Castagino, 5 Colo. 564, and Baldwin v. Patrick, 39 Colo. 347, 84 Pac. 828, are cited. This court has uniformly held that the sharing of profits does not of itself necessarily constitute a partnership. But it is the rule in all jurisdictions that the fact that a person shares the profits of a business tends to show that he is a partner therein. 30 Cyc. 386. * * * While the sharing of losses is an incident of partnership, it has been held that the right to participate in profits implies a corresponding liability for losses, and that, though there is no clause in the contract saying that either party was to bear the losses, in the absence of evidence to the contrary, the law presumes that losses were to be borne by them in the same proportion in which they shared the profits. Lee v. Cravens, 9 Colo. App. 273, 48 Pac. 159; Ramsay v. Meade, 37 Colo. 465, 86 Pac. 1018."

It is true the petition in this case did not allege that there was an agreement between the parties to share the losses that might occur in the venture, nevertheless the petition did allege the facts of the transaction by alleging that the parties had agreed to buy the tract of land in controversy and share jointly in the profits that

might arise from its sale. And the petition alleging these facts and being silent on the question of sharing the losses, we hold that there was an implied agreement that the parties should share in the losses, and that the petition was sufficient to state a cause of action.

It is next contended that admitting the evidence of the plaintiff to be true, it is not sufficient to prove a consideration for the alleged partnership agreement. On the trial of the case the plaintiff testified that he had at great expense, the expenditure of something like $100 to $150, learned the location of the land, the name of the allottee, and where he lived, and that in the consideration of the expenditure thus made and the information thus obtained it was agreed between himself and the defendant that the latter should furnish the money necessary to buy the allotment and they should divide the profits arising therefrom, after the defendant had deducted all expenses together with the purchase price thereof. We are unable to agree with the defendant that there was no consideration shown. It is a sufficient consideration where one party puts his services or labor or skill or learning against the money or property of the other, or that each put money into the venture. The plaintiff in this action put into the agreement the money that he had expended in an effort to locate the land, the name of the allottee, and his location, and after he had learned these things he furnished them to the defendant.

It is strenuously urged by the defendant in his brief that these were matters of public record, and were open to the defendant for his discovery as well as the plaintiff. But it is a sufficient answer to this contention that the defendant never expended any money in an effort to locate the land and investigate its condition, nor the owner of it, nor his location, and knew nothing about these things until informed of them by the plaintiff.

In the case of Winemiller v. Page, 75 Okla. 278, 183 Pac. 501, it is said:

"The contribution of labor and services by one of the parties is a good and sufficient consideration to entitle him to his interest in such joint enterprise. (Bridge Co. v. Clinton County, 157 Pa. 379) 27 Atl. 726; Seymour v. Freer, 75 U. S. ( 8 Wall.) 202, 19 L. Ed. 306.

In Botsford v. Van Riper, 33 Nev. 156, 110 Pac. 705, the rule is stated as follows:

"Property purchased or acquired in connection with a joint adventure or profits acquired from the same, where one holds title to the property, that such property is to be the property of all the joint adventurers, and the party in whose name the property is taken holds the same as trustee for the other parties to the joint adventure. * * * A contract between two persons, the one to furnish money, the other to purchase land therewith, and to receive for his compensation one-half of the profits from the sale of the land, which was to be made within five years, gives to the latter his equitable interest in the land. This equitable interest is a charge upon the property, and constitutes an equity, which the courts of equity will protect and enforce."

It is next claimed by the defendant that the alleged agreement was not, as a matter of fact, one of partnership to buy a particular piece of land, but was a contract for an interest in the land in violation of the statute of fraud. But this contention, if true, can avail the defendant nothing, because it is a well-recognized and settled proposition of law that a contract within the statute of frauds which has been fully or partially performed is thereby taken out of the statute of frauds and is enforceable. Winemiller v. Page, supra, wherein it is said:

"Further there is another principle of equity universally recognized which renders the plea of the statute of frauds ineffectual: That is where an oral contract has been fully performed, or performed in part to such an extent that it would be inequitable to refuse specific performance by one of the parties he is entitled to have performance enforced in equity against the other."

The defendant, however, relies principally upon his claim that no partnership was intended or formed, because the pleadings and testimony of the plaintiff show that he was to get an interest in the lands, and because the necessary effect of his suit, and the judgment of the court decreeing him an interest in the land itself.

The effect of the contention of the defendant is that an oral agreement may be made to deal in real estate, but it must extend no farther than buying and selling real estate and sharing in the profits arising therefrom, and cannot be made to extend to buying real estate as a permanent investment, and therefore it was necessary to ask for a dissolution of the partnership in the suit, and a sale of the property must be had and the debts must first be paid before the profits can be divided, and therefore the court was without power to render judgment decreeing the plaintiff ownership

in the property and make him a tenant in common with the defendant. As supporting this contention of the defendant we are referred to the case of Grantham v. Conner, 97 Kan. 150, 154 Pac. 246. We have examined this case, and must hold it not to be in point on the question involved here. In the Grantham Case the court proceeded first to the consideration of the statute of frauds relative to trusts arising by reason of payment by one person of the purchase money, and held that the plaintiff did not pay any part of the purchase price. The court then proceeded to the determination of the question of partnership and held that there was no partnership relation existing between the parties.

In Thompson v. McKee, 43 Okla. 243, 142 Pac. 755, L.R.A. 1915A, 521, this court held:

"An oral partnership agreement to share in the profits and losses arising from the purchase and sale of real estate is not within the statute of frauds; and the existence of such partnership, and the interest of the members therein, may be established by parol evidence."

In Grant v. McArthur's Ex'rs, 153 Ky. 356, 155 S. W. 732, the Court of Appeals of Kentucky stated the law to be:

"It is well settled that parties may enter into a partnership for the purchase and sale of land. Bates v. Babcock, 95 Cal. 479, 30 Pac. 605, 16 L. R. A. 745 (29 Am. St. Rep. 133); Jones v. Davies, 60 Kan. 309, 56 Pac. 484 (72 Am. St. Rep. 354); Boreing v. Wilson, 128 Ky. 570, 108 S. W. 914 (33 Ky. Law Rep. 14); Garth v. Davis, Johnson & Co., 120 Ky. 106, 85 S. W. 692 (117 Am. St. Rep. 571)."

There has been some apparent conflict in the authorities under consideration here, but a failure to differentiate between the agreement of the parties, whether it be one to form a partnership to deal in real estate, or whether it be one whereby one partner agrees to transfer an interest to another partner, seems to be the foundation on which the conflict of views rests. The annotator in his notes in 4 L. R. A. (N. S.) 429, makes this comment:

"As stated in the note in 16 L. R. A. 745, where this subject is discussed and the authorities reviewed, the conflict between the two lines of cases is more apparent than real, the disagreement between the authorities being caused by the different ends sought by the litigants, rather than by any real conflict in principle. If the agreement of partnership does not involve the conveyance by one partner to another of any interest in the real estate itself, the contract is usually held valid, and all suits seeking relief which may be legitimately sought by a partner are upheld; while on the other hand, if the contract contemplates a transfer of an interest in the land itself from one partner to another, it is held invalid, and a suit brought to enforce it dismissed."

There is no allegation in the petition which says that there was an agreement between the parties whereby the defendant was to convey to the plaintiff an interest in the land, nor does the evidence anywhere support such an agreement. The petition alleges that the land was to be purchased for resale and the profits, after paying all expenses, were to be divided between the parties.

The petition alleges and the facts show that there was a partnership formed for a single purpose, involving but a single transaction, and contemplating the purchase of but a single piece of land.

In Reiser v. Johnston, 65 Okla. 307, 166 Pac. 723, L. R. A. 1918A, 924, this court held that a partnership might exist as to a single transaction and would be valid.

In Rush v. First Nat. Bank (Tex. Civ. App.) 160 S. W. 319. it is said:

"A partnership may be formed for carrying out a single transaction in land, as by buying or selling a single tract for profit."

In Jones v. Davies, 60 Kan. 309, 56 Pac. 484, 72 Am. St. Rep. 354, it is held:

"To constitute a partnership, it is not necessary that there should be a series of transactions between the parents. nor that the relation should be continued for a long period of time. It may exist for a single transaction or undertaking."

In Shackelford v. Williams, 182 Ala. 95, 62 South. 57, it is said:

"A partnership may exist as to a particular transaction or adventure, such as is shown in this case, and in such case both the rights and the liabilities of partners will subsist as to that matter, and not otherwise."

We hold that a valid partnership may be formed for the purpose of buying but a single piece of real estate, and the sale thereof, and a division of the profits arising therefrom.

Upon the proposition that the court was powerless under the petition and the evidence to render judgment decreeing the plaintiff an ownership in the property in dispute and a tenant in common with the defendant, we hold this contention to be not well taken. This contention is made upon the theory that the interest of the

partners in real estate is considered, personalty.

In Tenney v. Simpson, 37 Kan. 353, 15 Pac. 187, it is said:

"It is further urged that Simpson was not to have any interest in the land, but only an interest in the proceeds of the sale of lots. This is very technical, but, giving it all the force to which it may be entitled, and still it can make no difference, under the further facts of the case; for, before the commencement of this action, the sale of the lots was discontinued, and the partnership dissolved at the instance of the other parties, and the partnership debts paid; and always, upon the dissolution of a partnership and the full payment of the partnership debts, the partners become tenants in common with regard to any and all real estate still belonging to the co-partnership. 1 Washburn, Real Prop. 423, subd. 4."

And in the case of Molineaux v. Reynolds, 54 N. J. Eq. 559, 35 Atl. 536, the law on this proposition is held by the New Jersey court to be:

"(1) Partnership real estate is regarded as personalty, so far as it is required to pay firm debts.

"(2) As a general rule, there can be no partition of firm realty so long as there are firm debts outstanding. This rule is to secure the right of each partner to have firm property applied to the payment of firm debts, in order that he may be discharged from personal liability for them. Therefore, if it appears that the realty will not be called upon to pay firm debts, a partition of the same may be decreed."

In Re Robinson's Estate, 191 Pa. 239, 43 Atl. 207, it is said:

"Conversion of partnership real estate to personalty ceases on dissolution of the partnership by bringing the entire business to an end, so that the interest of a partner therein descends as realty, though the stipulated term of the partnership has not expired."

In the case of Rogers v. Ralston, 63 Okla. 297, 164 Pac. 981, in opinion by Kane, J., a specified interest in oil and gas leases on real estate was decreed the plaintiff. And also in the case of Sherrod v. Mayo, 156 N. C. 144, 72 S. E. 216, Ann. Cas. 1912D, 1205, it is said:

"Where real estate is purchased with firm funds, for firm purposes, a partner's share therein on his death descends to his heirs as realty, in the absence of any stipulation in the articles of copartnership providing that the realty may be treated as personalty, and in the absence of firm debts."

So long as the partnership relation exists

and there are debts of the firm, the rule contended for by the defendant would apply because in that case, as stated in the New Jersey case this rule is to secure the right of each partner to have the firm property applied to the payment of the firm debts. But in this case, where there was but a single transaction, where there were no debts outstanding, and where the object of the suit was to terminate the partnership by establishing the interest of one of the partners in the assets of the partnership, it was within the power of the court to render the judgment it did, decreeing the plaintiff an interest in the real estate and making him a tenant in common with the defendant.

Finding no error in the judgment of the lower court, it is in all respects affirmed.

By the Court: It is so ordered.